**Richard Sax (SBN 80632)**
**LAW OFFICES OF RICHARD SAX**
448 Sebastopol Avenue
Santa Rosa, CA. 95401
Telephone: (707) 525-1824
Facsimile: (707) 525-8119

Attorney for Plaintiff,
ROBERT TAYLOR

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO/ OAKLAND

| | |
|---|---|
| ROBERT TAYLOR,<br><br>               Plaintiff,<br><br>v.<br><br>NATIONS DIRECT MORTGAGE, LLC;<br>ZBS LAW, LLP; and DOES 1-50,<br>inclusive,<br><br>               Defendants.<br><br>VETERANS ADMINISTRATION,<br><br>       Real Party In Interest. | CASE NO.:<br><br>**COMPLAINT FOR VIOLATIONS OF THE TRUTH IN LENDING ACT (TILA), VIOLATIONS OF THE DODD-FRANK ACT, DECLARATORY RELIEF, UNFAIR BUSINESS PRACTICES, BREACH OF CONTRACT, NEGLIGENT REVIEW OF LOAN MODIFICATION, INJUNCTIVE RELIEF AND DAMAGES; DEMAND FOR JURY TRIAL** |

/
/
/

COMES NOW plaintiff Robert Taylor (plaintiff or Taylor), who avers the following:

## JURISDICTION AND VENUE

1.     This Court has jurisdiction over the subject matter of this Complaint under 28 U.S.C. §§ 1331 because it involves federal questions regarding interpretation and proper application of The Truth In Lending Act 15 U.S.C. Sec. 1640 (TILA) and the Dodd-Frank Act Title X, Subtitle C.

2.     This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

3.     This Court has jurisdiction to render the declaratory judgment Plaintiff seeks pursuant to 28 U.S.C. § 2201.

## VENUE/INTRADISTRICT ASSIGNMENT

4.     Venue is proper in the San Francisco/Oakland branch of this Court pursuant to 28 U.S.C. § 1391(b)(2) and local rules because the subject Real Property is located in the City of Antioch, Contra Costa County, California.

## PARTIES

5.     Plaintiff, Robert Taylor is the borrower and owner of the subject real property.

6.     Defendant, Nations Direct Mortgage, LLC (Nations Direct) was the lender and is the loan servicer.

7.     Defendant, ZBS Law, LLP is the Trustee foreclosing upon plaintiff's real property.

8.     The Veterans Administration is a Real Party In Interest because it guaranteed the subject loan, and VA rules apply to a VA loan modification.

9.     Plaintiff designates all person's unknown claiming any interests in the real property as defendants DOES 1 through 50, inclusive.  Plaintiff is ignorant of the true names, capacities, or basis for liability of defendants sued as DOES 1 through 50 and therefore sues defendants by such fictitious names. DOES 1 through 50 are in some manner liable to Plaintiff, or claims some right, title, or interest in the subject property,

or both. Plaintiff will amend this complaint to allege their true names and capacities when ascertained.

10.     Plaintiff is informed and believes and thereon alleges that, at all times herein mentioned, Does 1 through 50 were the agents and employees of Defendant Nations Direct Mortgage, LLC, and, in doing the things herein described and referred to, were acting within the course and scope of their authority as such agents and employees, and in the transaction of the business of the employment or agency. Defendants Nations Direct Mortgage, LLC are, therefore, liable to Plaintiff for the acts of Does 1 through 50 as herein alleged.

11.     Plaintiff is informed and believes and thereon alleges that, in doing the acts as herein alleged, Defendants Nations Direct Mortgage, LLC knew, or in the exercise of reasonable diligence should have known, that Defendants Does 1 through 50 were incompetent and unfit to perform the duties for which they were employed, and that an undue risk to persons such as Plaintiff would exist because of the employment.

12.     Defendants Nations Direct Mortgage, LLC, their agents and employees, and their officers, directors, and managing agents, have a duty of due care in the hiring, training, and supervision of employees. Defendants Nations Direct Mortgage, LLC, their agents and employees, and their officers, directors, and managing agents, have a further duty of due care to investigate the background of their employees, especially in light of the particular risk or hazard that the breach of that duty poses to customers within their care.

13.     Defendants Nations Direct Mortgage, LLC, their agents and employees, and their officers, directors, and managing agents, knew, or had reason to know, that their employees and agents, including Does 1-50, because of their qualities, were likely to harm customers.

14.     Defendants Nations Direct Mortgage, LLC, their agents and employees, and their officers, directors, and managing agents, failed to exercise due care in the

interviewing, selection, training and supervision of their employees and agents, such that their employees and agents, including Does 1-50, were likely to harm customers.

15.   Defendants Nations Direct Mortgage, LLC, their agents and employees, and their officers, directors, and managing agents, knew, or had reason to know, that their employees and agents had a history of or propensity to fail to use due care, such that their employees and agents, including Does 1-50, were likely to harm customers.

16.   Plaintiff is informed and believes and thereon alleges that Defendants Nations Direct Mortgage, LLC, after being informed of the actions of Does 1 through 50, did not fully investigate and failed to repudiate and ratified the employees' conduct by redressing the harm done, let the transactions proceed, and retained the employees in employment.

17.   Plaintiff is informed and believes and thereon alleges that, at all times herein mentioned, each Defendant sued herein in relation to the Real Property he claims an interest in was the agent and/or employee of each of the remaining Defendants thereof and at all times was acting within the purpose and scope of such agency and/or employment.

18.   Whenever in this Complaint an act or omission of a corporation, partnership or other business entity is alleged, the allegation shall be deemed to mean and include an allegation that the corporation, partnership or other business entity acted or omitted to act through its authorized officers, directors, agents, servants and/or employees, acting within the course and scope of their duties, that the act or omission was authorized by the officers and directors of the corporation or business entity.

## PRELIMINARY ALLEGATIONS

19.   Plaintiff is the owner in fee of the subject Real Property, which is located at, and commonly known as, 5025 Star Mine Way, City of Antioch, State of California (the subject "Real Property"), more particularly described as:

> Real property in the unincorporated area of the County of Contra Costa, State of California, described as follows:

> Lot 38, as shown on the Map of Subdivision 7644, filed September 25, 1996 in Book 389 of Maps, Page 29, and Amended Map filed March 29, 2001 in Book 429 of Maps, Page 39, Contra Costa County Records.

> APN: 075-490-007

20.     On or about January 19, 2022, Taylor received a Notice of Trustee's Sale stating that Defendant ZBS Law, LLP, as the duly appointed trustee, will sell the subject Real Property at a public auction to the highest bidder on March 7, 2022. (Exhibit 1.)

21.     The Trustee's Sale was postponed to July 7, 2022 at 1:30 p.m.  (Exhibit 2.)

22.     The cause of the foreclosure is because defendant Nations Direct Mortgage, LLC submitted an incomplete residential loan application on Taylor's behalf in order to improperly qualify Taylor for a residential loan in violation of The Ability To Repay Rules of The Truth In Lending Act, the Dodd Frank Act and Veterans Administration standards.   Nations Direct completely omitted key information from the loan application concerning Taylor's income and employment background, as opposed to merely making mistaken entries.   Nations Direct completely omitted from the loan application the contact information for Taylor's employer, the years on the job and the years employed in this line of work and position.   The lack of information on the residential loan application is not explainable except to conclude that its absence was designed to hide the fact that Taylor did not qualify for the loan.   If employment and income had been properly verified, it would have been revealed that Mr. Taylor did not qualified for the loan under the Qualified Mortgage Rule or the VA Loan Program. Correct underwriting would have required that the lender contact Taylor's employer to ascertain his employment status, his income and the likelihood that his employment would continue on a permanent basis.   Inconsistencies with policy would have required that a loan denial be issued.

23.     Taylor learned about these facts on or about May 22, 2019, after he hired Patrick Pulatie to conduct an audit of this loan.  Since that time, Taylor has attempted all forms

of Loan Modification with Direct Mortgage without success. Taylor has submitted complete Loss Mitigation packages, which were denied for arbitrary reasons. Denials by Direct Mortgage have been made by negligence or in bad faith.  The last denial by Nations Direct was on April 19, 2022.  A copy of that letter is attached as Exhibit 8.

24.    As a result of the statutory violations by defendant Nations Direct, Taylor should not be liable for interest, late fees, foreclosure charges, and the like.  The foreclosure should be enjoined until there is a trial on the merits.  Under these circumstances, Taylor should not have to post a bond.

25.    In March of 2016, Taylor secured a new temporary position as an IT Contractor for Olsonworks Consulting Group.  The position would not become fully permanent until Taylor had been employed for one full year after which Taylor could count on full time employment.

26.    On or about August of 2016, Taylor agreed to purchase the real property for $583,845.  Taylor had been in the Air Force and chose to use his GI Bill Homeowner Benefit to finance the purchase of the home.  The originator was Rescom Financial.  The lender was Nations Direct Mortgage dba Motive Lending.   The Veterans Administration (VA) would guarantee the loan.  The loan closed on September 12, 2016.  The Taylor family moved into the home.

27.    Taylor's employment with Olson Consulting Group was temporary and sporadic over the next few months.  After Taylor obtained the original loan, Taylor made payments for several months but temporarily lost his employment fell behind Taylor fell behind in the mortgage payment and was never able to catch up.

28.    In November 2017 Taylor got an offer of full-time employment and an accompanying pay increase.  Taylor contacted Nations Direct to advise of this change in circumstances and that Taylor wanted to make a payment on the loan.  Taylor was told that his tender of payment would not be accepted and that foreclosure proceedings were being initiated.   Ever since then Taylor has attempted loan mitigation with Nations Direct without success.

29.     A copy of the incomplete Residential Loan Application is attached as Exhibit 3.

30.     On August 29, 2016, Taylor signed a promissory Note in the amount of $583,845.00 in favor of Nations Direct Mortgage LLC dba Motive Lending.  A copy is attached as Exhibit 4.

31.     On August 31, 2016 Taylor signed a Deed of Trust securing the promissory note. A copy is attached as Exhibit 5.

32.     On August 31, 2016 Taylor signed a VA Guaranteed Loan and Assumption Policy Rider.  A copy is attached as Exhibit 6.

33.     On November 22, 2017 Nations Direct Mortgage, LLC dba Motive Lending executed an Assignment Of Deed of Trust to Nations Direct Mortgage LLC.  A copy is attached as Exhibit 7.

34.     Taylor have attempted all forms of Loan Modification without success. Denials by Direct Mortgage have been made by negligence or bad faith.  Taylor has submitted complete Loss Mitigation packages, which were denied for arbitrary reasons.  The last denial was on April 19, 2022.  A copy of the denial letter is attached as Exhibit 8.

35.     Taylor's current employment is steady, and his income is sufficient to pay a reasonable mortgage payment.

36.     The subject loan was originated as a Qualified Mortgage (QM) under the Dodd Frank Act of 2000.  The Qualified Mortgage Rule went into effect on January 10, 2014 through the Consumer Finance Protection Bureau (CFPB) which was tasked with defining and implementing the Qualified Mortgage Rule.

37.     The QM Rule prohibits or limits certain high risk loan products.  By following the QM rules the lender is provided a degree of legal protection from borrower lawsuits either as a safe harbor provision nor a rebuttable presumption.  However, the safe harbor or rebuttable presumption is not guaranteed.  The borrower may challenge the QM status of the loan.

38.     The Dodd Frank Act sections 1411 and 1412 generally require the creditor to make a reasonably good faith determination of a consumer's ability to repay any

consumer credit transaction secured by a dwelling.  It requires creditors to retain evidence of compliance for three years after a covered loan is consummated.

39.      Loans that meet the definition of QM are provided a "Safe Harbor" protection that makes it more difficult for a borrower to sue a lender.  The Loan is considered to have met all QM requirements including the Ability To Repay rule.

40.      For high-risk loans the lender receives a rebuttable presumption that standards have been met including the Ability To repay Rule but if borrower ends up on foreclosure the borrower can assert as a defense that the lender violated the Ability To repay rule.

41.      The original loan made to Taylor did not conform to either the Office of Veteran Affairs standards or the Ability to Pay Rule under the Dodd Frank Qualified Mortgage Standard which lack of conformity is the root cause of all the problems which have followed concerning this loan.  Nations Direct completely omitted key information concerning Taylor's income and employment background as opposed to merely making mistaken entries suggests fraudulent conduct.  Nations Direct completely omitted on the application the contact information for the employer, the years on the job and the years employed in this line of work and position.

42.      The subject loan was originated by Rescom Financial and originated and funded by Nations Direct Mortgage LLC dba Motive Lending.  The loan was not properly underwritten by Nations Direct Mortgage LLC dba Motive Lending to Qualified Mortgage requirements because they did not properly verify Taylor's current employment history, job and salary.  If employment and income had been properly verified, it would have been revealed that Taylor did not qualify for the loan under the Qualified Mortgage Rule or the VA Loan Program.  Correct underwriting would have required that the lender contact Taylor's employer to ascertain his employment status, his income, and the likelihood that his employment would continue on a permanent basis. Inconsistencies with policy would have required that a loan denial be issued.

43.     The lack of information on the loan application is not explainable, except to conclude that its absence was designed to hide the fact that Taylor did not qualify for the loan.

44.     Nations Direct as an agent for the VA lending program was tasked with ensuring that the loan met the qualifications for the VA Guaranty Program.   This would include ensuring that Taylor met all the requirements for employment as identified by the VA requirements.   Nations was to conduct a verification of income. Nations Direct failed in this duty.   If Nations Direct had investigated properly there would have been a red flag.   If it had properly conducted the verification of employment, they would have been required to deny the loan.

45.     The subject loan is not a qualified mortgage and does not receive the protections from the qualified mortgage safe harbor exemption.

46.     Taylor is also making these claims in defense of this foreclosure action.

47.     A consumer may assert a violation of TILA by a creditor of paragraph 1 or 2 of section 1639b(c) of this title, or of section 1639c(a) of this title, as a matter of defense or recoupment or set off without regard for the time limit on a private action for damages under subsection (e).   The amount of recoupment or set off under paragraph 1 shall equal the amount to which the consumer would be entitled under subsection a, for damages for a valid claim brought in an original action against the creditor plus the costs to the consumer of the action, including a reasonable attorney fee.

48.     The cause of the foreclosure is that defendant Nations Direct Mortgage, LLC submitted an incomplete loan application on Taylor's behalf in order to improperly qualify Taylor for a residential loan, in violation of The Ability to Repay Rules of The Truth In Lending Act, the Dodd Frank Act, and Veterans Administration standards. Since this is a non-qualified mortgage, Nations Direct has liability for improper lending activities under Dodd-Frank and TILA and Taylor is claiming damages for interest paid, closing fees, attorney's fees, actual damages and statutory penalties or damages.

49.     Taylor is also making these claims in defense of this foreclosure action.

50.     For the reasons heretofore stated, Taylor has no adequate legal remedy in that damages, if awarded, cannot be properly ascertained, since there is no fixed market value and the damages will be inadequate to compensate Taylor for the detriment that he would suffer by a foreclosure and eviction from his residence. The wrongful conduct of Defendants, unless and until enjoined and restrained by order of this Court, will cause great irreparable injury to Taylor, in that this is his residence.

51.     If Defendants' conduct is not restrained, Taylor has no adequate remedy at law for the injuries suffered and threatened, in that he will be forced to institute a multiplicity of lawsuits and to vacate the subject Real Property while he is defending title to his Real Property.

52.     Defendants now threaten to (and unless restrained, will) sell Taylor's Real Property, or cause it to be sold, to his great and irreparable injury, for which pecuniary compensation would not afford adequate relief, in that the Real Property is unique and is Taylor's primary home.

53.     If a preliminary injunction is not entered by this Court, Taylor will suffer immediate and irreparable harm, for which there is no adequate remedy at law. Taylor has no adequate legal remedy in that damages, if awarded, cannot be properly ascertained since there is no fixed market value, and damages will be inadequate to compensate Taylor for the detriment suffered by him. Taylor will lose possession of a unique parcel of real property for which Defendants seek to wrongfully acquire title. The wrongful conduct of Defendants, unless and until enjoined and restrained by order of this Court, will cause great irreparable injury to Taylor, in that the underlying foreclosure proceedings are improper.

/

/

/

**COUNT I**
**Violations of The Truth In Lending Act 15 U.S.C. Sec. 1640 (TILA)**
**Plaintiff v. Nations Direct Mortgage LLC**

54.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 53, above, as though fully set forth in this action.

55.    The subject loan was originated by Rescom Financial and originated and funded by Nations Direct Mortgage LLC dba Motive Lending.  The loan was not properly underwritten by Nations Direct Mortgage LLC dba Motive Lending to Qualified Mortgage requirements because they did not properly verify Taylor's current employment history, job and salary.  If employment and income had been properly verified then it would have been revealed that Taylor did not qualify for the loan under the Qualified Mortgage Rule or the VA Loan Program.  Correct underwriting would have required that the lender contact Taylor's employer to ascertain his employment status, his income and the likelihood that his employment would continue on a permanent basis.  Inconsistencies with policy would have required a loan denial be issued.

56.    The lack of information on the application is not explainable except to conclude that its absence was designed to hide the fact that Taylor did not qualify for the loan.

57.    Nations Direct as an agent for the VA lending program was tasked with ensuring that the loan met the qualifications for the VA Guaranty Program.  This would include ensuring that Taylor met all the requirements for employment as identified by the VA requirements.  Nations was to conduct a verification of income. Nations Direct failed in this duty.  If it had properly conducted the verification of employment, they would have been required to deny the loan.  If Nations Direct had investigated properly there would have been a red flag.

58.    The subject loan is not a qualified mortgage and does not receive the protections from the qualified mortgage safe harbor exemption.

59.    Taylor is also making these claims in defense of this foreclosure action.

60.     A consumer may assert a violation of TILA by a creditor of paragraph 1 or 2 of section 1639b(c) of this title, or of section 1639c(a) of this title, as a matter of defense or recoupment or set off without regard for the time limit on a private action for damages under subsection (e).   The amount of recoupment or set off under paragraph 1 shall equal the amount to which the consumer would be entitled under subsection a for damages for a valid claim brought in an original action against the creditor plus the costs to the consumer of the action including a reasonable attorneys fee.

61.     The cause of the foreclosure is that because defendant Nations Direct Mortgage, LLC submitted an incomplete loan application on Taylor's behalf in order to improperly qualify Taylor for a residential loan in violation of The Ability To Repay Rules of The Truth In Lending Act, the Dodd Frank ACT and Veterans Administration standards.   Since this is a non-qualified mortgage, Nations Direct has liability for improper lending activities under Dodd-Frank and TILA, and Taylor is claiming damages for interest paid, closing fees, attorney's fees, actual damages and statutory penalties or damages.

62.     Taylor is making these claims in defense of this foreclosure action.

63.     For the reasons heretofore stated, Taylor has no adequate legal remedy in that damages, if awarded, cannot be properly ascertained, since there is no fixed market value and the damages will be inadequate to compensate Taylor for the detriment that he would suffer by a foreclosure and eviction from his residence. The wrongful conduct of Defendants, unless and until enjoined and restrained by order of this Court, will cause great irreparable injury to me, in that this is Taylor's residence.

64.     If Defendants' conduct is not restrained, Taylor has no adequate remedy at law for the injuries suffered and threatened, in that he will be forced to institute a multiplicity of lawsuits and to vacate the subject Real Property while he is defending title to his Real Property.

65.     Defendants now threaten to (and unless restrained, will) sell Taylor's Real Property, or cause it to be sold, to his great and irreparable injury, for which

pecuniary compensation would not afford adequate relief, in that the Real Property is unique and is Plaintiffs' primary home.

66. If a preliminary injunction is not entered by this Court, Taylor will suffer immediate and irreparable harm, for which there is no adequate remedy at law. Taylor has no adequate legal remedy in that damages, if awarded, cannot be properly ascertained since there is no fixed market value, and damages will be inadequate to compensate Taylor for the detriment suffered by him. Taylor will lose possession of a unique parcel of real property for which Defendants seek to wrongfully acquire title. The wrongful conduct of Defendants, unless and until enjoined and restrained by order of this Court, will cause great irreparable injury to Taylor, in that the underlying foreclosure proceedings are improper.

## COUNT II

### Violations Of Dodd-Frank Act Title X, Subtitle C
### Plaintiff v. Nations Direct Mortgage LLC

67. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 53, above, as though fully set forth in this action.

68. The subject loan was originated by Rescom Financial, and originated and funded by Nations Direct Mortgage LLC dba Motive Lending. The loan was not properly underwritten by Nations Direct Mortgage LLC dba Motive Lending to Qualified Mortgage requirements, because they did not properly verify Taylor's current employment history, job and salary. If employment and income had been properly verified, it would have been revealed that Taylor did not qualify for the loan under the Qualified Mortgage Rule or the VA Loan Program. Correct underwriting would have required that the lender contact Taylor's employer to ascertain his employment status, his income and the likelihood that his employment would continue on a permanent basis. Inconsistencies with policy would have required that a loan denial be issued.

13

69.    The lack of information on the loan application is not explainable, except to conclude that its absence was designed to hide the fact that Taylor did not qualify for the loan.

70.    Nations Direct, as an agent for the VA lending program, was tasked with ensuring that the loan met the qualifications for the VA Guaranty Program.    This would include ensuring that Taylor met all the requirements for employment as identified by the VA requirements.    Nations Direct was to conduct a verification of income.    Nations Direct failed in this duty.    If Nations Direct had investigated properly, there would have been a red flag.    If it had properly conducted the verification of employment, they would have been required to deny the loan.

71.    The subject loan is not a qualified mortgage and does not receive the protections from the qualified mortgage safe harbor exemption.

72.    Taylor is also making these claims in defense of this foreclosure action.

73.    A consumer may assert a violation of TILA by a creditor of paragraph 1 or 2 of section 1639b(c) of this title, or of section 1639c(a) of this title, as a matter of defense or recoupment or set off, without regard for the time limit on a private action for damages under subsection (e).    The amount of recoupment or set off under paragraph 1 shall equal the amount to which the consumer would be entitled under subsection a for damages for a valid claim brought in an original action against the creditor, plus the costs to the consumer of the action, including a reasonable attorney fee.

74.    The cause of the foreclosure is that because defendant Nations Direct Mortgage, LLC submitted an incomplete loan application on Taylor's behalf in order to improperly qualify Taylor for a residential loan, in violation of The Ability to Repay Rules of The Truth In Lending Act, the Dodd Frank Act, and Veterans Administration standards.    Since this is a non-qualified mortgage, Nations Direct has liability for improper lending activities under Dodd-Frank and TILA, and Taylor is claiming damages for interest paid, closing fees, attorney's fees, actual damages and statutory penalties or damages.

75.    Taylor is also making these claims in defense of this foreclosure action.

76.    For the reasons heretofore stated, Taylor has no adequate legal remedy in that damages, if awarded, cannot be properly ascertained, since there is no fixed market value, and the damages will be inadequate to compensate Taylor for the detriment that he would suffer by a foreclosure and eviction from his residence. The wrongful conduct of Defendants, unless and until enjoined and restrained by order of this Court, will cause great irreparable injury to Taylor, in that this is his residence.

77.    If Defendants' conduct is not restrained, Taylor has no adequate remedy at law for the injuries suffered and threatened, in that he will be forced to institute a multiplicity of lawsuits and to vacate the subject Real Property while he is defending title to his Real Property.

78.    Defendants now threaten to (and unless restrained, will) sell Taylor's Real Property, or cause it to be sold, to his great and irreparable injury, for which pecuniary compensation would not afford adequate relief, in that the Real Property is unique and is Taylor's primary home.

79.    If a preliminary injunction is not entered by this Court, Taylor will suffer immediate and irreparable harm, for which there is no adequate remedy at law. Taylor has no adequate legal remedy in that damages, if awarded, cannot be properly ascertained since there is no fixed market value, and damages will be inadequate to compensate Taylor for the detriment suffered by him. Taylor will lose possession of a unique parcel of real property for which Defendants seek to wrongfully acquire title. The wrongful conduct of Defendants, unless and until enjoined and restrained by order of this Court, will cause great irreparable injury to Taylor, in that the underlying foreclosure proceedings are improper.

/

/

/

### COUNT III
### Declaratory Relief
### Plaintiff v. Nations Direct Mortgage LLC

80. Plaintiff realleges and incorporates by reference paragraphs 1 through 53, above, as though fully set forth in this action.

81. Plaintiff contends that an actual controversy exists between Plaintiff and Defendants concerning their respective rights, duties, and obligations as to the following issues:

 a. Taylor contends that Defendants are not authorized to proceed with foreclosure on the subject Real Property, in that Nations Direct granted a loan based on an incomplete residential loan application, which violated The Ability to Repay Rules of TILA and the Dodd Frank Act. Nations Direct disputes this contention.

 b. Taylor desires a declaration by this Court as to the validity of Defendants' right to proceed with a non-judicial foreclosure of the subject Real Property.

82. Plaintiff alleges that Defendants' actions have undermined his right to the subject Real Property and have interfered, and continue to interfere, with his right of possession as the owner of the subject Real Property. A judicial declaration is necessary and appropriate at this time in these circumstances in order that Taylor may ascertain his rights and duties under the note and trust deed.

### COUNT IV
### UNFAIR BUSINESS PRACTICES
### (Bus. & Prof. Code 17200 et seq.)
### Plaintiff v. Nations Direct Mortgage LLC

83. Plaintiff re-alleges and incorporate by reference paragraphs 1 through 53, above, as though fully set forth in this action.

84. Plaintiff alleges that the unlawful acts and practices, as fully described herein, Plaintiff has no other remedy at law that will prevent the misconduct of Nations Direct, as alleged herein, from occurring and/or recurring in the future.

85.     The subject loan was originated by Rescom Financial and originated and funded by Nations Direct Mortgage LLC dba Motive Lending.  The loan was not properly underwritten by Nations Direct Mortgage LLC dba Motive Lending to Qualified Mortgage requirements, because they did not properly verify Taylor's current employment history, job, and salary.  If employment and income had been properly verified, it would have been revealed that Taylor did not qualify for the loan under the Qualified Mortgage Rule or the VA Loan Program.  Correct underwriting would have required that the lender contact Taylor's employer to ascertain his employment status, his income, and the likelihood that his employment would continue on a permanent basis.  Inconsistencies with policy would have required that a loan denial be issued.

86.     The lack of information on the loan application is not explainable except to conclude that its absence was designed to hide the fact that Taylor did not qualify for the loan.

87.     Nations Direct as an agent for the VA lending program was tasked with ensuring that the loan met the qualifications for the VA Guaranty Program.  This would include ensuring that Taylor met all the requirements for employment as identified by the VA requirements.  Nations was to conduct a verification of income.  Nations Direct failed in this duty.  If Nations Direct had investigated properly there would have been a red flag.  If it had properly conducted the verification of employment, they would have been required to deny the loan.

88.     The subject loan is not a qualified mortgage and does not receive the protections from the qualified mortgage safe harbor exemption.

89.     Taylor is also making these claims in defense of this foreclosure action.

90.     A consumer may assert a violation of TILA by a creditor of paragraph 1 or 2 of section 1639b(c) of this title, or of section 1639c(a) of this title, as a matter of defense or recoupment or set off without regard for the time limit on a private action for damages under subsection (e).  The amount of recoupment or set off under paragraph 1 shall equal the amount to which the consumer would be entitled under subsection a for

damages for a valid claim brought in an original action against the creditor, plus the costs to the consumer of the action, including a reasonable attorney fee.

91.    The cause of the foreclosure is that defendant Nations Direct Mortgage, LLC submitted an incomplete loan application on Taylor's behalf in order to improperly qualify him for a residential loan, in violation of The Ability To Repay Rules of The Truth In Lending Act, the Dodd Frank Act, and Veterans Administration standards. Since this is a non-qualified mortgage, Nations Direct has liability for improper lending activities under Dodd-Frank and TILA, and Taylor is claiming damages for interest paid, closing fees, attorney's fees, actual damages and statutory penalties or damages.

92.    Taylor is also making these claims in defense of this foreclosure action.

93.    For the reasons heretofore stated, Taylor has no adequate legal remedy in that damages, if awarded, cannot be properly ascertained, since there is no fixed market value and the damages will be inadequate to compensate Taylor for the detriment that he would suffer by a foreclosure and eviction from his residence. The wrongful conduct of Defendants, unless and until enjoined and restrained by order of this Court, will cause great irreparable injury to Taylor, in that this is his residence.

94.    If Defendants' conduct is not restrained, Taylor has no adequate remedy at law for the injuries suffered and threatened, in that he will be forced to institute a multiplicity of lawsuits and to vacate the subject Real Property while he is defending title to his Real Property.

96.    Defendants now threaten to (and unless restrained, will) sell Taylor's Real Property, or cause it to be sold, to his great and irreparable injury, for which pecuniary compensation would not afford adequate relief, in that the Real Property is unique and is Taylor's primary home.

97.    If a preliminary injunction is not entered by this Court, Taylor will suffer immediate and irreparable harm, for which there is no adequate remedy at law. Taylor has no adequate legal remedy in that damages, if awarded, cannot be properly ascertained since there is no fixed market value, and damages will be inadequate to

compensate Taylor for the detriment suffered by him. Taylor will lose possession of a unique parcel of real property for which Defendants seek to wrongfully acquire title. The wrongful conduct of Defendants, unless and until enjoined and restrained by order of this Court, will cause great irreparable injury to Taylor, in that the underlying foreclosure proceedings are improper.

**COUNT V**
**Breach of Contract**
**Plaintiff v. Nations Direct Mortgage LLC**

98.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 53, above, as though fully set forth in this action.

99.     Plaintiff has performed all conditions, covenants, and promises required on his part to be performed in accordance with the terms and conditions of the contract.

100.     Plaintiff requested that defendant perform its obligations under the contract. Instead, defendant breached the deed of trust in the following ways.

101.     As a result of Defendants' breach of the contract, Plaintiff has been damaged in a sum within the jurisdiction of this Court, according to proof.

**COUNT VI**
**Negligent Review Of Loan Modification Application**
**Plaintiff v. Nations Direct Mortgage LLC**

102.     Plaintiff hereby incorporates paragraphs 1-53, inclusive, as though fully set forth herein.

103.     At all times and places relevant to this Complaint, Nations Direct handled, controlled, and managed the loan modification process.

104.     Nations Direct owed a duty to Plaintiff to exercise reasonable care in performing its functions, duties and responsibilities, and knew or should have known with reasonable certainty that Plaintiff would suffer damages if it failed to perform its duties in a reasonable manner.

105.     Nations Direct and its agents and representatives failed and neglected to perform its functions, duties, and responsibilities in its capacities as described above in a

19
Complaint

reasonable manner, within the prevailing standard of care, and breached its duty of care to Plaintiff, the borrower, by committing the following actions, among others, and by violating HBOR:

106.    The negligence and failure to perform due diligence by Nations Direct effectively led to the erroneous denials of the loan modification agreements, even while Nations Direct continued with the foreclosure of Plaintiffs' home.    Nations   Direct   did   not make a real, good faith attempt to analyze Taylor's situation, as a relatively low-cost workout would have prevented foreclosure and likely saved Nations Direct and its investors hundreds of thousands of dollars.

107.    As a further direct and legal result of the negligence of Nations Direct, Taylor has suffered further compensatory damages according to proof, including damages for the lost value of the countless hours that he spent on the telephone and in preparing correspondence, documents, and financial and personal information in pursuit of a loan modification.

108.    Accrued interest and late fees on Taylor's Loan should be voided, since they resulted from Nations Directs' errors and failure to perform its functions, duties, and responsibilities in a reasonable manner within the prevailing standard of care, including Nations Directs' improper, conflicting, and ambiguous denial of Taylor's loan modification applications.

## COUNT VIII
### Injunctive Relief
### Plaintiff v. Nations Direct Mortgage LLC; ZBS Law, LLP

109.    Plaintiff realleges and incorporates by reference paragraphs 1 through 53, above, as though fully set forth in this action.

110.    Plaintiff is now, and at all times relevant to this Complaint was, an owner in fee of an owner in fee of the subject Real Property, a single-family residence where Plaintiff currently resides, and a borrower of the subject loan upon the Real Property.

111.    Defendants threaten to (and unless restrained, will) sell the Real Property, or cause it to be sold, to Plaintiff's great and irreparable injury, for which pecuniary compensation would not afford adequate relief, in that the Real Property is Plaintiff's long-time home.

112.    For the reasons heretofore stated, Plaintiff has no adequate legal remedy in that damages, if awarded, cannot be properly ascertained since there is no fixed market value, and damages will be inadequate to compensate Plaintiff for the detriment suffered by him. The wrongful conduct of Defendants, unless and until enjoined and restrained by order of this Court, will cause great irreparable injury to Plaintiff, in that the underlying foreclosure proceedings are improper.

113.    Plaintiff has offered, and continues to offer, to tender to defendant beneficiary or defendant trustee all amounts that are found to be correctly due and owing.

114.    The wrongful conduct of Defendants, unless and until enjoined and restrained by order of this Court, will cause great irreparable injury to Plaintiff in that underlying foreclosure proceedings which precipitated the unlawful detainer action was improper.

115.    If Defendants' conduct is not restrained, Plaintiff has no adequate remedy at law for the injuries suffered and threatened, in that Plaintiff will be forced to institute a multiplicity of lawsuits and to vacate the subject Real Property while he is defending title to his Real Property.

116.    By the actions above and set forth herein, Plaintiff has a strong likelihood of prevailing on the merits of the case. Plaintiff requests that this Court grants an injunction precluding Defendants from engaging in the wrongful conduct identified herein in the future.

117.    Plaintiff offers to pay the reasonable value of the property and any proper and correct amount necessary to reinstate the loans pending this litigation.

WHEREFORE, Plaintiff demands judgment as follows:

## COUNT I
### Violations of The Truth In Lending Act (TILA)
### Plaintiff v. Nations Direct Mortgage LLC

1. Compensatory damages according to proof;

2. Statutory penalties according to proof;

## COUNT II
### Violations Of Dodd-Frank
### Plaintiff v. Nations Direct Mortgage LLC

3. Compensatory damages according to proof;

4. Statutory penalties according to proof;

## COUNT III
### Declaratory Relief
### Plaintiff v. Nations Direct Mortgage LLC

5. For a declaration of the rights and duties of the parties, including a declaration that a breach of the obligation for which the trust deed is security has not occurred.

## COUNT IV
### UNFAIR BUSINESS PRACTICES
### (Bus. & Prof. Code 17200 et seq.)
### Plaintiff v. Nations Direct Mortgage LLC

6. That the actions of Direct Mortgage be determined to be unfair business practices in violation of Federal Statutes, and that this Court awards all such relief to Plaintiff as he may be entitled, including injunctive relief, treble damages, and an award of costs and attorney's fees;

7. For restoration of money or property acquired by unfair competition, including, but not limited to, the value of any lost equity in Plaintiff's Real Property as a result of the improper auction sale, and the value of the lost opportunity to seek other means of preventing foreclosure; clouding of the Real Property's title; diminished vendibility of the Real Property; lost equity in the Real Property; lost credit and earnings in the effort

to keep Plaintiffs' home from being foreclosed upon; lost time, or the value of the countless hours that Plaintiff spent on the telephone and in preparing correspondence, documents, and financial and personal information in pursuit of a loan modification;

8.  For an order requiring Direct Mortgage to show cause, if any it has, why it should now be enjoined as set forth below, during the pendency of this action;

9.  For a temporary restraining order, a preliminary injunction, and a permanent injunction, all enjoining Direct Mortgage from:

a. Engaging in any sale, transfer, conveyance, action or any conduct adverse to Plaintiffs' interest;

b. Selling, or causing to be sold, the subject Real Property, or conducting a Trustee's Sale of the subject Real Property;

c. For an immediate, preliminary and permanent restraining order and injunction preventing defendants or any of their agents or representatives from taking any further action on the subject Real Property;

d. That accrued interest and late fees on Plaintiff's loan be voided.

## COUNT V
### Breach of Contract
### Plaintiff v. Nations Direct Mortgage LLC

11.  For compensatory damages in a sum according to proof within the jurisdiction of this court;

12. For interest according to proof;

13. For reasonable attorney's fees according to proof.

## COUNT VI
### Negligent Review Of Loan Modification Application
### Plaintiff v. Nations Direct Mortgage LLC

14.     For general damages according to proof;

15.     For compensatory damages according to proof;

16.     For injunctive relief;

17.     For attorney fees under the relevant sections of the Deed of Trust.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**COUNT VII**
**Injunctive Relief**
**Plaintiff v. Nations Direct Mortgage LLC; ZBS Law, LLP**

18.     That the foreclosure of the subject Real Property is deemed illegal and void and that the same be immediately and permanently enjoined; and that the Defendants named therein are prevented from engaging in any sale, transfer, conveyance, action or any conduct adverse to Plaintiff's interest;

19.     For an order requiring Defendants to show cause why Defendants should not be enjoined as set forth below, during the pendency of this action;

20.     For an immediate, preliminary and permanent restraining order and injunction preventing Defendants or any of their agents or representatives from taking any further action on the subject Real Property;

21.     For a temporary restraining order, a preliminary injunction, and a permanent injunction, all enjoining Defendant ZBS Law, LLP and all persons acting under, for, or in concert with that Defendant, from selling the subject Real Property or attempting to sell it or causing it to be sold, either under the power of sale in the trust deed or by foreclosure action;

**ALL CAUSES OF ACTION**

22.     For interest at the legal rate on the foregoing sums according to proof, as applicable;

23.     For an award of reasonable attorney's fees;

24.     For costs of suit incurred herein; and

25.     For such other and further relief as the Court may deem proper.

Dated: July 04, 2022

/S/ Richard Sax
Richard Sax, Attorney for Plaintiff
Robert Taylor

24
Complaint

## DEMAND FOR JURY TRIAL

Plaintiff ROBERT TAYLOR hereby demands a jury trial.

Dated: July 04, 2022                    LAW OFFICES OF RICHARD SAX

                                        /S/ Richard Sax
                                        Richard Sax, Attorney for Plaintiff
                                        Robert Taylor

## CERTIFICATION OF INTERESTED ENTITIES OR PERSONS

Pursuant to Civil L.R. 3-15, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

Dated: July 04, 2022                    LAW OFFICES OF RICHARD SAX

                                        /S/ Richard Sax
                                        Richard Sax, Attorney for Plaintiff
                                        Robert Taylor

## ATTESTATION

I, Richard Sax, hereby attest that I have on file all holographic signatures corresponding to any signatures indicated by a conformed signature (/S/) within this e-filed document.

Dated: July 04, 2022                    LAW OFFICES OF RICHARD SAX

                                        /S/ Richard Sax
                                        Richard Sax, Attorney for Plaintiff
                                        Robert Taylor