UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT TAYLOR,<br><br>    Plaintiff,<br><br>v.<br><br>NATIONS DIRECT MORTGAGE, LLC, et al.,<br><br>    Defendants. | Case No. 22-cv-03914-JSC<br><br>**ORDER DISMISSING CASE FOR LACK OF SUBJECT MATTER JURISDICTION**<br><br>Re: Dkt. No. 59 |

This action arises out of foreclosure proceedings initiated by Nations Direct Mortgage, LLC ("Nations") against Robert Taylor for failure to make payments on his 2016 loan. Mr. Taylor's First Amended Complaint brings one claim for negligent review of loan modification against Nations Direct and ZBS Law, LLP ("ZBS"). Defendants seek dismissal without leave to amend, and in the alternative, dismissal of ZBS as a defendant. (Dkt. No. 60.)[1] Plaintiff does not dispute he cannot state a claim for negligent review of loan modification; instead, he seeks leave to amend to allege two different state law claims. After carefully considering the parties' submissions, and having had the benefit of oral argument on December 21, 2023, the Court dismisses the action without prejudice. As the Court's original jurisdiction was based on a federal question, and the amended complaint includes only a single state law claim, the Court declines to exercise supplemental jurisdiction.

**BACKGROUND**

**A.     Amended Complaint Allegations**

Robert Taylor obtained a mortgage from Nations Direct, guaranteed by the Veterans

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

1  Administration, on September 12, 2016, after agreeing to purchase a $583,845.00 property in
2  Antioch. (Dkt. No. 59 at ¶ 26.) Plaintiff claims he was employed sporadically at the time of
3  purchase and temporarily lost his employment shortly after, which prevented him from making
4  regular mortgage payments. (*Id.* ¶ 27.) Plaintiff has attempted "all forms of Loan Modification
5  without success." (*Id.* ¶ 34.) He alleges Nations' denial of loan modification was improper and
6  made by "negligence or bad faith," as he was entitled to a particular loan modification under VA
7  standards that Nations did not offer him.

### B.  Procedural History

Plaintiff's original complaint included federal Truth in Lending Act and Dodd-Frank Act claims and various state law claims and alleged federal question jurisdiction. (Dkt. No. 1 ¶ 1.) Defendants' motion to dismiss Plaintiff's original complaint was granted with leave to amend in light of Plaintiff's non-opposition to the motion. (Dkt. No. 58.) Plaintiff then filed a first amended complaint which asserts only a state law claim for negligent loan modification. (Dkt. No. 59.) Defendants' motion to dismiss the amended complaint is now pending. (Dkt. No. 60.)

### JURISDICTION

"The district courts may decline to exercise supplemental jurisdiction over a [state-law] claim ... if ... the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3); *see also Ove v. Gwinn,* 264 F.3d 817, 826 (9th Cir. 2001) (same). Indeed, the Supreme Court has observed that "in the usual case in which all federal-law claims are eliminated before trial, the balance of the factors ... will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7 (1988); *see also Ornelas v. DP Invs.*, 816 F. App'x 185, 186 (9th Cir. 2020) ("Having dismissed Plaintiffs' sole federal-law claim at an early stage of the litigation, the district court properly declined to exercise supplemental jurisdiction over Plaintiffs' state-law claims against DP Defendants").

The balance of factors point to declining to exercise supplemental jurisdiction here. First, the federal claims were not substantial; Plaintiff did not object to their dismissal. Second, this case is in its early stages. While the case was filed in 2022, it has largely been stayed while the

1  parties attempted to resolve it without court intervention.  Third, Plaintiff requests leave to amend
2  to allege two new, state-law claims: negligent misrepresentation and promissory estoppel.  (Dkt.
3  No. 63 at 13-14.)  The California Supreme Court has not explicitly affirmed the viability of
4  Plaintiff's proposed claims.  *Sheen v. Wells Fargo Bank, N.A.*, 12 Cal. 5th 905, 916, 505 P.3d 625,
5  628 (2022), rehg' denied (June 1, 2022) (stating "because plaintiff does not assert an action for
6  negligent misrepresentation nor one for promissory estoppel, we have no reason to consider
7  whether either or both of these claims might be viable given the facts he alleges. . . nothing we say
8  in this opinion should be understood to categorically preclude those claims in the mortgage
9  modification context.") (cleaned up).  So, his proposed new state law claims raise unresolved
10 issues regarding California state law.  *See Sachs v. Kiffmeyer*, No. 22-16175, 2023 WL 5347290,
11 at *1; 28 U.S.C. § 1367(c)(1).  For all these reasons, the Court declines to exercise supplemental
12 jurisdiction over Plaintiff's alleged state law claim as well as his proposed state-law claims.

13     At oral argument Plaintiff objected that there might be diversity jurisdiction.  But the
14 original and amended complaints allege federal question jurisdiction, even though the amended
15 complaint makes only a state law claim.  And, there is no reason to believe Plaintiff could allege
16 diversity jurisdiction if given leave to amend the jurisdictional statement.  Defendant ZBS Law,
17 LLP has a California office and an llp is a citizen of all of its members.  *See Johnson v. Columbia*
18 *Props. Anchorage, LP*, 437 F.3d 894, 899, 902 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a
19 citizen of every state of which its owners/members are citizens.").  The California Secretary of
20 State website shows that Nations Direct Mortgage LLC was formed in California.  *See*
21 https://bizfileonline.sos.ca.gov/search/business (last visited December 22, 2023).  So, diversity
22 does not exist.
23 //
24 //
25 //
26 //
27 //
28 //

**CONCLUSION**

This California law lawsuit between California parties belongs in California state court. Accordingly, it is dismissed without prejudice. The motion to dismiss is denied as moot.

This Order disposes of Docket No. 60.

**IT IS SO ORDERED.**

Dated: December 22, 2023

JACQUELINE SCOTT CORLEY
United States District Judge